FIFTY-THREE WEST SEVENTY-SECOND STREET, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FELMOUS HOLDING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARY C. SOULE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 40416, 43284, 48580. Promulgated May 12, 1931.

*W. H. Kellogg, Esq.*, for the petitioner.
*H. A. Tonjes, Esq.*, for the respondent.

OPINION.

TRUSSELL: In respect to the petition of Fifty-three West Seventy-second Street, Inc., Docket No. 40416, it is alleged in the petition and admitted in the answer that this petitioner was dissolved in 1927. The Felmous Holding Company appears as a party petitioner in that proceeding, although the notice of deficiency shows the deficiency to have been determined against the taxpayer, Fifty-three West Seventy-second Street, Inc., alone. The proceeding under this docket number must be dismissed, one party petitioner being admitted to have no legal existence and the other being shown not to be a proper party to the proceeding. This action has no effect to determine issues presented by these proceedings as those issues are also germane to the two proceedings remaining and will be considered and disposed of therein.

The parties are in full agreement as to the total amount of profit attributed to the sale by the transferor corporation of certain real estate during the taxable year 1925 and they also agree that the profit from that sale may be reported on the installment sales basis. We are called upon to decide only upon the method to be followed in determining the amount of the profit to be reported as income in the taxable year 1925.

This question is controlled by section 212 (d) of the Revenue Act of 1926, which so far as material here, reads as follows:

Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payment is completed, bears to the total contract price. In the case * * * (2) of a sale or other disposition of real property, if * * * the initial payments do not exceed one-fourth of the purchase price, the income may, under regulations prescribed

by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this subdivision. * * *

Article 44 of Regulations 69, construing the section above quoted, provides:

In the sale of mortgaged property the amount of the mortgage, whether the property is merely taken subject to the mortgage or whether the mortgage is assumed by the purchaser, shall not be considered as a part of the "initial payments" or of the "total contract price" but shall be included as part of the "purchase price" as those terms are used in section 212 (d), in articles 42 and 45, and in this article.

In those cases in which we have been called upon to construe the above quoted section of the Act we have accepted the construction placed thereon by article 44 as above set out. *Dalraida Realty Co.*, 5 B. T. A. 905; *Pacheco Creek Orchard Co.*, 12 B. T. A. 1358; *J. W. McWilliams*, 15 B. T. A. 329; *S. & L. Building Corporation*, 19 B. T. A. 788. The income of the taxpayer in the calendar year 1925 from this transaction is such proportion of the payment of $78,500 received in that year as the total profit of $214,346.09 bears to the "total contract price" of $252,500. It was upon this basis that respondent computed the deficiency which is here asserted as a liability against each of these petitioners as transferees.

The petitioner, Felmous Holding Company, admits its liability for whatever deficiency is determined from the transferor, but Mary C. Soule denies a liability in view of the fact that the assets of the transferor conveyed to the Felmous Holding Company were by contract under which that company assumed liability for its debts. In respect to this question it is clear that although by the contract of sale the purchaser, Felmous Holding Company, became liable for its debts, this result did not discharge the liability of the transferor and that such liability was assumed by the petitioner, Mary C. Soule, as a result of the distribution to her of all its property as the owner of its stock upon its liquidation.

Both of these petitioners have received assets from the transferor in excess of the total deficiency in question and these assets in each case have been received under conditions imposing upon them severally a liability for the payment of such deficiency. *Grand Rapids National Bank*, 15 B. T. A. 1166.

> *The proceeding under Docket No. 40416 is dismissed. In the proceedings under Docket Nos. 43284 and 48580, judgment will be entered for the respondent.*